UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ASAEL GUZMAN-MURO<br><br>　　　　　　　　　　Defendant. | Case No.:   18cr4244-LAB-1<br><br>**ORDER DENYING MOTION FOR REDUCTION IN SENTENCE** |

　　　　In 2018, Asael Guzman-Muro pled guilty to importing 58.68 kilograms of cocaine in violation of 21 U.S.C. §§ 952 and 960. The Court imposed a total custodial sentence of 57 months, followed by 5 years of supervised release. Jefferson has served 32 months, or just over half of his sentence. He filed a *pro se* for a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), urging the Court to reduce his sentence. He argues that the covid-19 pandemic puts him in particular danger while in Bureau of Prisons (BOP) custody because he suffers from hypertension and "high blood sugar" or diabetes, accompanied by headaches and stress. He does not say whether he suffers from type 1 or type 2 diabetes. He says he takes medication for these conditions. He also argues that he should be released early to care for his parents who live in Mexico, and who are also diabetic. He says his wife and two children live with his parents.

The government filed its opposition, addressing both the merits and failure to exhaust. But after receiving documentation showing that he had exhausted, the government withdrew non-exhaustion as a basis for its motion, and relied instead on the merits. The Court then authorized Guzman-Muro, through counsel, to either supplement Guzman-Muro's *pro se* brief if it thought supplementation was appropriate, or to decline to supplement it. Federal Defenders, acting as his counsel, then filed a notice saying it believed the Court could appropriately rule on the motion as filed without the need for supplementation.

Under 18 U.S.C. § 3582(c)(1)(A), a court may modify a defendant's term of imprisonment if it concludes that "extraordinary and compelling reasons" warrant a reduction after considering the factors set forth in 18 U.S.C. § 3553(a). A defendant bears the burden to establish circumstances making early release appropriate. *See United States v. Shabudin*, 445 F. Supp. 3d 212, 214 (N.D. Cal. 2020).

The Government opposes Guzman-Muro's motion, arguing that the Bureau of Prisons (BOP) is responding adequately to the pandemic to mitigate risks. The opposition brief outlines at length the precautions BOP is taking, which represent a cautious and adequate response. The government also argues his medical conditions aren't "extraordinary and compelling" and that he poses a danger to public safety.

Medical conditions alone don't constitute extraordinary and compelling reasons warranting early release. The government's opposition correctly points out that Guzman-Muro hasn't adequately documented his illnesses, and that even if he had done so, he hasn't shown they amount to extraordinary and compelling reasons. His own motion shows that his condition is being monitored, that he is being treated with medication, and that his ability to provide self-care within the corrections environment is not substantially diminished. *See* U.S.S.G. § 1B1.13, cmt. n.1 (A)(ii). He has not shown why BOP's precautions and the health care it is

providing him leave him in any danger that would likely be mitigated by early release.

Guzman-Muro's representations about his family likewise do not support a finding of extraordinary and compelling reasons. The motion does not make clear whether he intends to return home to care for and support his parents, or so that his parents can care for and support him. Rather, he gives both as reasons for wanting to be released. He says his wife and children are in his parents' care, and that if released his parents would care for him and provide him with housing, health care, food, and childcare.  But he also says he would support his parents by working at home until he has a job, and that he would also support them and himself on his disability check.

Guzman-Muro has not shown his medical conditions and family situation, even in combination, amount to extraordinary and compelling reasons. But even if he had, the Court would still find that the § 3553(a) factors continue to support the imposition of his original sentence. His offense – importing over 56 kilograms of cocaine – was serious. This weighs heavily against early release and predominates over considerations arising from his medical condition and desire to either care for or be cared for by his family.  The need for deterrence under § 3553(a)(2)(B) and to protect the public from repeated criminal behavior  under § 3553(a)(2)(C) are also implicated here.

In sum, the Court finds that Guzman-Muro has not demonstrated "extraordinary and compelling reasons" to warrant a reduction of sentence. His motion for early release is **DENIED**.

**IT IS SO ORDERED**.

Dated:  May 10, 2021

*[signature]*
Honorable Larry Alan Burns
United States District Judge